# MARION SUPERIOR COURT,

### September Term, 1842.

THE STATE vs. JOHN HOWELL, JOHN D. HOWELL & JESSE WORRELL.

*Assault, with intent to Murder, in Marion Superior Court—Verdict of Guilty, and Motion in arrest of Judgment. September term, 1842.*

An Indictment for an assault with an intent to murder, must charge that the *act* was feloniously done with malice aforethought. It is not sufficient that this allegation is made, in the first part of the Indictment where the assault is charged.

This motion is placed on four grounds, derived from the face of the bill of indictment filed in the case.   They are :

1.  " Because it is not stated that the stabbing was done feloniously and with malice aforethought.''

2.  " Because it is not alleged, as a conclusion from the facts averred, that the defendants intended feloniously and of their malice aforethought to murder.''

3.  " Because the allegation contained in said bill that the defendants cut, struck, and wounded, is not made with time and place.''

4.  " Because it is not alleged that the assault was made with a weapon likely to produce death.''

The charging part of the bill of indictment and that to which grounds of alleged error will be found to be applicable, is in these words, to wit : " for that the said *John Howell, Stephen D. Howell* and *Jesse Worrell*, on the fourteenth day of May, in the year of our Lord eighteen hundred and forty-two, with force and arms in the county aforesaid, in and upon one *Collen R. Lockett*, in the peace of

[The State vs. Howell, Howell & Worrell.]

the said State then and there being, feloniously, wilfully, unlawfully, and of their malice aforethought, did make an assault, and that the said *John Howell, Stephen D. Howell* and *Jesse Worrell*, with a certain knife of the length of three inches, of the value of seventy-five cents, which was then and there a weapon likely to produce death, did stab, cut, and wound the said *Collen R. Lockett* with intent then and there to murder the said *Collen R. Lockett.*" The prosecution is instituted under the 43rd Sec. of the 4th Division of the Penal Code. See *Prince's* new Dig. 626—"An assault with intent to murder with a weapon likely to produce death, shall be punished by imprisonment in the penitentiary," &c. In order to make a case of legal guilt under this provision, it is apparent that something more than a simple assault with intent to murder is necessary. The wicked design must be supported by the use of a weapon likely to produce death. The bill of indictment, it is true, charges the defendants with having "feloniously, wilfully, unlawfully, and of their malice aforethought," made the assault; and also charges that, "with a certain knife of the length of three inches, of the value of seventy-five cents, which was then and there a weapon likely to produce death, they did stab, cut, and wound the said *Collen R. Lockett.*" But, as it is seen, the bill does not charge that the felonious assault was made *with the knife*, nor that the stabbing, cutting and wounding mentioned, was done "feloniously and of the malice aforethought" of the defendants. The allegations of the assault, and of the use of the statutory weapon, as they take place in the bill, are separate and distinct averments. For aught that appears to the contrary in the bill, there may have been a complete remission or cessation of the felonious intention between the moment of the assault, and the resort to the deadly weapon. That portion of the bill which more immediately describes the use of the weapon does not contain those words which are necessary in Law to characterize the offence for which the defendants are indicted. There is, then, no *union* shewn of the felonious motive which is involved in every attempt to murder, with the employment of the deadly weapon, without which the intent to murder cannot amount, under the statute, to the crime charged in the case at bar. "There are certain words which are usually inserted in the part of the indictment we are now examining, which mark out the colour of the offence with precision, and which are absolutely necessary to determine the judgment. Thus, every indictment

for treason must contain the word "traitorously," every indictment for burglary, "burglariously," and "feloniously" must be introduced in every indictment for felony; and these words are so essential, that if the word feloniously be omitted in an indictment for stealing a horse, it will be only a trespass or misdemeanour of which the defendant may be convicted under such indictment."—1 *Chit.* Crim. Law, 242. But it is contended, that inasmuch as the term "murder" is used in the conclusion of the averment under consideration, that the previous defect in the description of the offence is thereby cured. Such is not the doctrine of the authorities on the subject. On the contrary, the conclusion of the averment which is thus relied on, is in its turn insufficient also—and for the reasons which have been given to shew that the previous part of the averment is defective. The statement in conclusion, that the "stabbing," &c. was done "with intent then and there to murder," &c. will be found on examination not to help the case at all. That the word *murder* embraces the notion of felony, of intent and malice in the heart of the offender, has not been considered a sufficient reason for dispensing with explicit averments of those specific and indispensable ingredients in the crime. It is the legitimate object of pleading to detail facts, not simply to state conclusions. And unless the facts and circumstances which are necessary to constitute a case of legal guilt, be stated, it is clear that no proof of them can be taken on the trial: This, on the familiar principle that pleadings and proofs must correspond and go together. As the crime of murder, therefore, can not be committed without felony of intention, and previous malice in the mind of the slayer, so these two ingredients must be *alleged* to have existed in the conduct of the accused—and this, too, irrespective of the term "murder," which must also appear in the bill. Otherwise the indictment is bad.

The second assignment of error in the indictment, although out of its order, arises here, and presents itself in the language of the authorities applicable to the point. "As a conclusion from the facts averred, it must be stated that, so the defendant feloniously of his malice aforethought did kill and murder the deceased : for without the terms 'malice aforethought' and the artificial phrase *murder*, the indictment will be taken to charge manslaughter only."—1 *Chit.* Crim. Law, 243. So it appears, that the crime itself, for an inten-

[The State vs. Howell, Howell & Worrell.]

tion to commit which the defendants are indicted, is not stated in those terms and in that language which are held to be necessary to define its existence in Law.

The course of reasoning by which the first ground taken in this motion has been ascertained to be well founded in Law, has also embraced the second and fourth. They, too, are adjudged good.

It is useless to pursue the third and only remaining ground.

The motion to arrest the judgment in the case is granted.

MARSHALL J. WELLBORN, J. S. C. C. C.